Filed 8/18/20  P. v. Pickering CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>WAYNE PICKERING,<br><br>        Defendant and Appellant. | B301906<br><br>(Los Angeles County<br>Super. Ct. No. LA028284) |

        APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

        Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

# INTRODUCTION

Wayne Pickering petitioned for recall of his sentence and for resentencing under the Three Strikes Reform Act of 2012 (Proposition 36) (Pen. Code, § 1170.126).[1]  The superior court denied the petition, ruling Pickering's convictions did not qualify for resentencing.  We affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

## A.     *A Jury Convicts Pickering of Robbery*

In September 1998 a jury convicted Wayne Pickering on three counts of second degree robbery (§ 211).  In a bifurcated proceeding, Pickering admitted he had three prior convictions for felonies that were serious or violent felonies within the meaning of the three strikes law (§§ 667, subds. (b)-(j), 1170.12).  The trial court sentenced Pickering to three consecutive prison terms of 25 years to life.

## B.     *Pickering Petitions To Recall His Sentence and for Resentencing*

In November 2014 Pickering, representing himself, petitioned for recall of his sentence and for resentencing under Proposition 36, which amended the three strikes law to provide, in general, that a defendant is not subject to an indeterminate life term for a third felony that is neither serious nor violent unless the offense satisfies other criteria identified in the statute. The amendments also allowed eligible defendants previously sentenced to indeterminate terms under the three strikes law to

---

[1]      Undesignated statutory references are to the Penal Code.

petition for recall of their sentences and for resentencing to the term the court would have imposed had those defendants been sentenced under the new sentencing provisions. (§ 1170.126, subd. (a); see *People v. Perez* (2018) 4 Cal.5th 1055, 1062; *People v. Gangl* (2019) 42 Cal.App.5th 58, 60.) In December 2014 the court appointed counsel for Pickering.

C. *The Superior Court Summarily Denies Pickering's Petition*

Nearly five years later, on September 27, 2019, the superior court summarily denied the petition, ruling Pickering was ineligible for resentencing under Proposition 36 because his commitment offenses were for serious felonies. (See §§ 1170.126, subd. (e)(1), 1192.7, subd. (c)(19).) The superior court also observed that there had been "no further action by [Pickering] to advance the petition to a hearing" and that, "[f]or reasons unknown, the November 17, 2014 petition has not been considered by the court and no order issued." Pickering filed a timely notice of appeal.

**DISCUSSION**

We appointed counsel to represent Pickering in this appeal. After reviewing the record, counsel filed an opening brief raising no issues. On February 20, 2020 we advised Pickering he had 30 days to submit a brief or letter raising any grounds of appeal, contentions, or arguments he wanted us to consider. We have not received a response.

We have examined the record and are satisfied that appellate counsel for Pickering has complied with his

responsibilities and that there are no arguable issues.  (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442; *People v. Cole* (Aug. 3, 2020, B304329) ___ Cal.App.5th ___, ___ [2020 WL 4435275, p. 3].) Pickering's commitment convictions for robbery make him ineligible for relief under Proposition 36.

## DISPOSITION

The order is affirmed.


SEGAL, J.


We concur:



PERLUSS, P. J.



FEUER, J.

4